**Everett Leroy TABOR, Petitioner,**

v.

**F. F. KENTON, Respondent.**

**Civ. No. 70–918.**

United States District Court,
C. D. California.

Jan. 18, 1971.

Everett Leroy Tabor, in pro. per.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Eugene Kramer, Asst. U. S. Atty., and Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Alexander B. McDonald, Deputy Atty. Gen., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF OF HABEAS CORPUS

HAUK, District Judge.

Petitioner, after federal parole violation by reason of the state conviction herein challenged, is now incarcerated at the Federal Correctional Institution at Lompoc, California, serving the sentence originally imposed in the United States District Court for the District of New Mexico for a Dyer Act violation on October 6, 1966. While on parole for this offense, petitioner was arrested and found guilty in a state court trial of violating California Penal Code Section 459 (Burglary) in Case No. A–406147. The initial finding of armed burglary was stricken and the offense was reduced to burglary in the second degree. Petitioner was sentenced on September 20, 1968, to the term prescribed by law (six months to fifteen years) which was to run concurrently with his federal sentence.

Petitioner filed a timely notice of appeal on September 22, 1968, and counsel was appointed for him. On January 29, 1970, the conviction was affirmed in the Court of Appeal, Second Appellate District, Division Five, in Case No. 2d Crim. 196103. Petitioner's appointed counsel allegedly declined to appeal further and informed petitioner that he would have to file his Petition for Hearing in the California Supreme Court in propria persona. Petitioner made application to the California Supreme Court for appointed counsel. This was denied on February 26, 1970, for the stated reason that such Court would not appoint counsel unless and until it had a case before it. With time lapsing Petitioner applied for a twenty-day extension of time in which to file his Petition for Hearing. This was denied on the last day for a timely petition and Petitioner has not sought any further relief from that or any state court since that time.

It should also be noted that during the state appeal, petitioner filed two state habeas corpus petitions. The first one, filed November 28, 1968, in the Superior Court for San Bernardino County, was denied on December 23, 1968. The second, filed in the Court of Appeal, Third Appellate District, was denied in May, 1969.

Petitioner now attacks the detainer against him by reason of the state conviction and sentence and makes two contentions in this Petition for Writ of Habeas Corpus:

(1) He was inadequately and ineffectively represented by his court-appointed counsel on the state appeal, and

(2) He was constitutionally entitled to be represented by appointed counsel on his petition to the California Supreme Court and that he was in fact denied this assistance.

After reviewing the Petition, the Responses of both the State of California and the United States, the Traverse and the various Exhibits, including the unpublished opinion of the Court of Appeal, Second Appellate District and the Petition of Habeas Corpus in· the Superior Court, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

Petitioner has not presented either of these issues to any state court. The state habeas corpus petitions were both denied before his conviction was affirmed on appeal. Therefore these petitions could not have dealt with the issues raised here since the issues arose only after he lost his appeal. Thus it is clear that Petitioner has not exhausted his state remedies as he is required to do by 28 U.S.C. § 2254(b) and (c).[1] Therefore we need not consider them. Coleman v. Wilson, 401 F.2d 536 (9 Cir. 1968). It does not appear, nor does petitioner allege to the contrary, that there are no state procedures available through which he can seek review. The California Supreme Court has been known to allow late filings of Petitions for Hearing and Petitioner can seek review of these issues through state habeas corpus.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.

---

1. 28 U.S.C. § *2254. State custody; remedies in Federal Courts*
(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
(c) An applicant shall *not* be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.